# ADA S. PETERSON AND ANOTHER v. HAZEL ANDERSON AND ANOTHER.[1]

November 3, 1944.

Nos. 33,837, 33,838.

[1]Reported in 16 N. W. (2d) 185.

*James M. McGuire*, for plaintiff-appellants.

*S. Bernhard Wennerberg* and *Emil T. Haugland*, for defendant-appellant and Emil T. Haugland.

HOLT, COMMISSIONER.

The court made and filed detailed findings of fact and conclusions of law. No fault is found by either plaintiffs or defendants with the findings of fact. The conclusions of law alone are in dispute. We deem it necessary to set out only the main facts found.

The action was one to determine the adverse claims of defendants to a forty-acre tract of land in Pine county, this state, and to an adjoining forty in Chisago county, the whole of which plaintiffs claim. Defendants answered claiming the title to the whole. The conclusions of law were that plaintiffs owned an undivided one-third thereof and defendant Hazel Anderson an undivided two-thirds thereof. Both parties have appealed from the judgment.

On August 2, 1928, John Peterson, the paternal grandfather of plaintiffs, Ada and Clara Peterson, was a victim of cancer and, in contemplation of death, distributed his property located in Pine and Chisago counties among his children. In so doing he executed and delivered a deed to his son William Peterson of the forty herein involved in Pine county and another deed to the adjoining forty in Chisago county, under an oral trust for the use of his son Charles Peterson, the father of plaintiffs. On July 14, 1930, William, at the request of Charles, conveyed to defendant Hazel Anderson the forty in Pine county and by another deed the forty in Chisago county, each deed being filed for record and recorded in the register of deed's office in the respective counties. A consideration of one dollar was recited in each deed, but no consideration passed to the grantor, William. At the time the deeds were delivered to Hazel, the grantee, Charles, was indebted to her for money borrowed from her by Charles, in the amount of $880, no part of which has ever been repaid.

In 1921, the mother of plaintiffs was adjudged insane and continued in that condition until her death on June 30, 1940. In 1924,

Charles sued for a divorce, but it was denied. Thereafter he was adjudged in contempt for failure to pay to the guardian *ad litem* of plaintiffs the support awarded them. Charles died March 1, 1940. William Peterson never took possession of these forties, paid no taxes thereon, and claimed no right or interest therein. When Hazel Swanson, now Hazel Anderson, received the deeds to the forties she knew that Charles was the owner thereof, entitled to the use and possession thereof, and that he had taken possession by two of his brothers, to whom he rented the same. After Hazel received her deeds, she paid the taxes on the forties to the amount of $413.31. She also went into possession of the forties, and she and Charles made improvements thereon to the value of $2,500 from the rents and produce of the land. When the deeds to the forties from William to Hazel were received and recorded, Charles had no homestead right in either forty. When Charles died on March 1, 1940, he left surviving him as his sole heirs his insane wife, Emma, and plaintiffs, his daughters. Emma died on June 30, 1940. On April 12, 1940, Hazel Anderson, her husband joining, deeded to defendant Haugland to secure the payment to Haugland of $900 loaned by him to Charles Peterson when the deeds to the two forties were made and delivered, at which time and place neither forty was subject to any homestead right of either Charles Peterson or his insane wife.

Had John Peterson at the time and place he conveyed the forties to his son William for the use of his son Charles directly conveyed the same to Charles and had Charles thereafter died prior to his wife, the inchoate right of Emma to one-third of the lands of her husband, to the conveyance of which she had not consented in writing, would have descended to her and passed to plaintiffs at the instant of her death on June 30, 1940.

The attorneys are in accord that William Peterson had a mere passive trust in the land here involved. He never asserted any claim or right thereto. Charles rented the forties to two of his brothers. Hazel paid the taxes thereon after she got the deeds from William. She and Charles improved the lands to the value

of $2,500. Charles was indebted to her to the amount of $880 at the time he requested William to convey the two forties to Hazel, and William did so convey. None of this money was ever repaid to Hazel, unless as a consideration for these two forties.

The trial court correctly held that, since Charles's wife had at no time consented in writing to the transfer of her inchoate interest in these two forties, an undivided one-third thereof descended to her upon her husband's death on March 1, 1940, and that an undivided one-third passed upon her death on June 30, 1940, to plaintiffs, her daughters. Minn. St. 1941, § 525.16 (Mason St. 1940 Supp. § 8992-29). The undivided two-thirds of said two forties is held by defendant Hazel Anderson subject to the mortgage of $900 to defendant Haugland.

The judgment is affirmed.

